896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andre PHILLIPS, Petitioner-Appellant,
v.
Eugene NUTH, Acting Warden Maryland Correctional Institute,
Jessup; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 89-7685.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 29, 1989.
Decided: Feb. 12, 1990.
 
 Andre Phillips, appellant pro se.
 John Joseph Curran, Jr., Audrey A. Creighton, Office of the Attorney General of Maryland, for appellees.
 Before WIDENER and PHILLIPS, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Andre Phillips, a Maryland prisoner, seeks to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for habeas corpus relief. Finding that further proceedings are necessary on Phillips's claim that his guilty plea was involuntary due to the ineffective assistance of counsel, we grant a certificate of probable cause, vacate the judgment of the district court, and remand.
 
 
 2
 Phillips states that he was offered a 25-year sentence if he pleaded guilty to the charges against him. His attorney advised him to accept the plea bargain because otherwise Phillips would have faced a mandatory life sentence without parole, as the state alleged that he had two prior convictions. Phillips states that he had only one prior conviction and that he gave this information to his attorney. According to Phillips, his attorney declined to investigate the matter because "the state's attorney would not make that sort of error." Phillips states that he accepted the plea bargain solely because of his attorney's advice that he would face a mandatory life sentence without parole if he was convicted following a trial. He also states that absent this erroneous advice, he would have insisted on going to trial.
 
 
 3
 To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that counsel's actions were professionally unreasonable and that, absent counsel's unprofessional errors, the petitioner would have elected to go to trial rather than to plead guilty. Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 4
 Phillips's allegations of ineffective assistance are substantial enough to warrant further factual development. A reasonable attorney seemingly would have investigated Phillips's statements about the number of his prior convictions. We cannot say from the present record either that Phillips's allegations are untrue or that there are other circumstances which would render Phillips's attorney's actions reasonable. In addition, Phillips has adequately alleged prejudice under the Hill standard. Phillips asserts that he would have gone to trial if his attorney had given him accurate advice about his potential sentence. On this record we cannot reject this assertion as implausible. See Hill, 474 U.S. at 59-60. A defendant might well be willing to risk an increased prison sentence by going to trial but be unwilling to risk a life sentence without the possibility of parole. We do not, however, rule out the possibility that further factual development may undermine Phillips's claim that he would have gone to trial if his attorney had provided accurate advice. Also, whether or not Md.Code Sec. 643B applies must be decided.
 
 
 5
 We therefore vacate the district court's judgment and remand this case for further proceedings. We note that Phillips received a state post-conviction hearing on these allegations. On remand, the district court should obtain a transcript of this hearing, if it is available. The court is also authorized to conduct any other proceedings it may deem appropriate, including an evidentiary hearing.
 
 
 6
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 VACATED AND REMANDED.